# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3458

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Scat, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 24, 2002
Filed: June 27, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Scat, Inc., pleaded guilty to making a false statement to an agent of the United States, in violation of 18 U.S.C. § 1001. The district court[1] sentenced the company to 5 years probation and ordered it to pay $545,161.20 in restitution. Scat challenges the restitution on appeal, arguing that it contravenes the holding of Hughey v. United States, 495 U.S. 411, 412-13 (1990) (under Victim and Witness Protection Act of 1982, restitution is limited to loss caused by conduct underlying count of conviction). This argument fails because Hughey was superseded by the Mandatory Victims

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Restitution Act of 1996, which authorizes restitution for every victim harmed in the course of the defendant's scheme, conspiracy, or pattern of criminal activity, not just the offense of conviction. <u>See</u> <u>United States v. Jackson</u>, 155 F.3d 942, 949-50 (8th Cir.), <u>cert. denied</u>, 525 U.S. 1059 (1998).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.